UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| JEFFREY L. POE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1571-SEB-TAB |
| | ) | |
| I.P.T.C. INDY GO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This cause is before the Court on Defendant's motion to seal exhibits [Docket No. 39] and motion for *in camera* inspection or in the alternative a protective order [Docket No. 41]. These motions follow certain rulings made on January 21, 2009, during the Plaintiff's deposition, which was conducted in the courtroom of the Magistrate Judge.  During that deposition the Court ordered Defendant to continue searching for records potentially responsive to Plaintiff's document request.  Defendant subsequently informed the Court that it has located two responsive documents [Docket No. 38, Exs. A and B].  However, the Defendant has asked the Court to review these documents and either find that they should not be produced or, if they are ordered produced, to require that they be produced subject to a protective order limiting Plaintiff's use of these documents.

The documents in question relate to R. Wayne Oteham, an employee of the Defendant to whom Plaintiff points for comparison purposes in an effort to prove his claims.  The documents involve certain actions involving Oteham and the Defendant's response to these actions.  The Court finds that the documents are discoverable given the breadth of Fed. R. Civ. P. 26 and that

Plaintiff contends Oteham is a comparable employee.  Therefore, Defendant shall produce these documents to Plaintiff without further delay.  However, the documents contain information about sensitive personnel matters involving Oteham, a non-party, and therefore Plaintiff's use of such documents is properly constrained by an appropriate protective order.  Defendant's proposed protective order [Docket No. 42] is appropriate under the circumstances, and the Court approves this protective order.  Thus, the foregoing documents shall be produced under the terms of this protective order, which shall govern the Plaintiff's use and treatment of these documents.

For these reasons,  Defendant's motion to seal exhibits [Docket No. 39] is granted, and Exs. A and B [Docket No. 38] shall remain under seal.  Defendant's motion for *in camera* inspection or in the alternative a protective order [Docket No. 41] is granted in part and denied in part.  The Court has reviewed the documents in question and finds that they shall be produced by the Defendant to the Plaintiff without further delay, subject to the terms of the protective order [Docket No. 42], which the Court likewise approves.

Dated: 02/18/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

Thomas E. Wheeler II
LOCKE REYNOLDS LLP
twheeler@locke.com

Jeffrey L. Poe
6843 Waverly Rd.
Martinsville, IN 46151

Pro Se Office